UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATERA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>CAREDX, INC.,<br><br>        Defendant. | Case No. 23-mc-80117-LJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART NATERA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: ECF Nos. 6, 21 |

On April 28, 2023, in connection with Plaintiff Natera, Inc.'s (Natera) Opposition to Non-Party Eurofins Viracor, LLC's (Eurofins) Motion to Quash Subpoena (ECF No. 7), Natera filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Administrative Motion to Seal) pursuant to Civil Local Rule 79-5(f). ECF No. 6. Natera filed under seal portions of its Opposition to Eurofins' Motion to Quash Subpoena, as well as Exhibits 11, 12 and 16 to the Declaration of Jeff Nardinelli in Support of Natera's Opposition (Nardinelli Declaration), all of which contained material designated in whole or in part as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Defendant CareDx, Inc. (CareDx) under the operative protective order entered in Natera, Inc. v. CareDx, Inc., No. 20-cv-038-CFC-CJB (D. Del. Jan 13, 2020).

As the Designating Party, CareDx was required to file a statement and/or declaration in support of the Administrative Motion to Seal, as described in Local Rule 79-5(c)(1), within seven days of the motion's filing. L.R. 79-5(f)(3). CareDx failed to comply with this deadline. In the Court's Order Granting Eurofins' Motion to Quash Subpoena, issued on May 31, 2023, the Court gave CareDx until June 22, 2023 to file its statement/declaration. ECF No. 19. On June 2, 2023, CareDx filed the Declaration of Nate Ngerebara in Support of Natera's Administrative Motion to

Seal (Ngerebara Declaration).  ECF No. 21.  The Ngerebara Declaration only seeks to seal Exhibits 11 and 12 of the Nardinelli Declaration.  Id. at 3.  Exhibit 11 is an excerpt from the deposition transcript of Alex Johnson, a current Natera employee, while Exhibit 12 is an excerpt from the deposition transcript of Sasha King, a former CareDx employee.  Id.  The Ngerebara Declaration provides that "[t]hese transcripts include confidential, non-public information regarding CareDx's marketing and sales strategies related to clinicians and transplant centers."  Id.  CareDx does not seek to seal any portion of Natera's Opposition to Eurofins' Motion to Quash Subpoena or Exhibit 16 to the Nardinelli Declaration, which is CareDx's Responses and Objections to Natera's Fifth Set of Interrogatories.  Id.

In the Ninth Circuit, those who seek to seal records attached to non-dispositive motions need only provide a "particularized showing under the 'good cause' standard of Rule 26(c)…" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotation marks and citation omitted); see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the information is publicly disclosed). Here, the Court applies the "good cause" standard because Eurofins' Motion to Quash Subpoena is a non-dispositive motion.  The Subpoena was issued as part of discovery in the Delaware case and is "not related," or at most "tangentially related to the merits of [the] case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1099 (9th Cir. 2016).  In resolving the Motion to Quash Subpoena, the Court did not need to "address the merits" or "determine the outcome" of the patent infringement case.  Id.

Having reviewed the Ngerebara Declaration, the Court finds good cause exists to grant CareDx's request to seal Exhibits 11 and 12 to the Nardinelli Declaration.  CareDx has "narrowly tailored' its request to include only the confidential, non-public business information that Natera originally filed under seal.  Schwartz v. Cook, No. 5:15-CV-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (granting motion to file under seal material that contained information about the defendants' "business performance, structure, and finances that could be used to gain unfair business advantage against them.")  Moreover, courts routinely grant motions to seal such

2

confidential business information.  See, e.g., Calhoun v. Google LLC, No. 20CV05146YGRSVK, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022) (granting motion to seal "confidential and proprietary information" which revealed the defendant's "internal strategies, system designs, and business practices for operating and maintaining many of its services."); Lyft, Inc. v. AGIS Software Dev. LLC, No. 21-CV-04653-BLF, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) ("The Court finds that AGIS Software has shown good cause to file under seal the documents and portions of documents containing AGIS Software's confidential information given the sensitive financial and business information they contain.")

Accordingly, the Court **GRANTS** Natera's Administrative Motion to Seal as to Exhibits 11 and 12 to the Nardinelli Declaration and **DENIES** the request to seal as to Natera's Opposition to Eurofins' Motion to Quash Subpoena and Exhibit 16 to the Nardinelli Declaration.  Counsel for Natera shall file Natera's Opposition and Exhibit 16 to the Nardinelli Declaration publicly on the docket by June 13, 2023.

**IT IS SO ORDERED.**

Dated: June 6. 2023

LISA J. CISNEROS
United States Magistrate Judge

3